**CHEM LAB PRODUCTS, INC., a corporation, Plaintiff-Appellant,**

**v.**

**Frank N. STEPANEK, Jr., Defendant-Appellee.**

**No. 76–2251.**

United States Court of Appeals, Ninth Circuit.

May 23, 1977.

Warren T. Jessup, Jessup & Beecher, Sherman Oaks, Cal., for plaintiff-appellant.

---

John E. Kelly, Pastoriza & Kelly, Santa Monica, Cal., John N. Bain, John G. Gilfillan, III, Carella, Bain, Gilfillan & Rhodes, Newark, N. J., for defendant-appellee.

Before CHAMBERS and ELY, Circuit Judges, and SOLOMON,* District Judge.

PER CURIAM:

Chem Lab Products, Inc. (Chem Lab) filed an action against Frank N. Stepanek, Jr. (Stepanek), president of Aspen Industries, Inc. (Aspen), to have a patent owned by Aspen declared invalid. The District Court dismissed for lack of personal jurisdiction over Stepanek. We affirm.

Stepanek is a citizen of New York. He neither resides nor conducts business in California. He was served in Tully, New York, under the California long arm statute.

 To exercise *in personam* jurisdiction, a defendant must properly avail himself of the privilege of conducting activities within the forum state. *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

Chem Lab asserts that Stepanek personally authorized Aspen's attorneys to write to Chem Lab in California, charging it with patent infringement. This letter, Chem Lab asserts, supplies the requisite contact between Stepanek and the forum state to justify *in personam* jurisdiction.

Stepanek, in an uncontradicted affidavit, states that Aspen's board of directors authorized the letter and that he only communicated that authorization to Aspen's attorneys. The burden was then upon Chem Lab to establish the jurisdictional facts. The mere allegations of a complaint, when contradicted by affidavits, are not enough to confer personal jurisdiction over a nonresident defendant. *Taylor v. Portland Paramount Corp.*, 383 F.2d 634, 639 (9th Cir.

1967). Facts, not mere allegations, must be the touchstone.

The record here does not show that Stepanek committed any personal acts with consequences in California. The District Judge correctly determined that Stepanek lacks sufficient minimum contacts with California and that the exercise of *in personam* jurisdiction would violate "federal due process". *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

Affirmed.