111 B.R. 22 (1990)
In the Matter of P.R. HOTEL CORPORATION d/b/a The Palace Hotel, Debtor.
Hans Lopez STUBBE, as Trustee for Debtor, Plaintiff,
v.
PAVILLION SPORTS PROMOTIONS, Ramon L. Llorens Santini & Ismael Leandry, Defendants.
Bankruptcy No. 85-00169(SEK), Adv. No. 87-0206.
United States Bankruptcy Court, D. Puerto Rico.
January 18, 1990.
*23 Edwin Quiñones, Hato Rey, P.R., for defendant Ramon L. Llorens Santini.
Luis A. González Buitrago, García & Fernández, Law Firm, Hato Rey, P.R., for Trustee Hans López Stubbe.

OPINION AND ORDER
SARA E. DE JESUS, Bankruptcy Judge.
The Trustee filed an amended complaint to collect $8,661.29 plus interests and costs. The Trustee argues that the defendants are jointly and severally liable for the sums owed. An amended Default Judgment has already been entered against codefendant Mr. Ismael Leandry and an entity called Pavillion Sports Promotions.[1] Ramón L. Lloréns Santini, Esq., answered the complaint alleging he is not legally liable for the payment of these sums since he only acted on behalf of the Corporation, (Pavillion Sports Promotion and Entertainment, Inc.), as its attorney or its director. Hence, the issue before the Court is whether the corporate veil should be pierced in this case to hold Mr. Lloréns Santini liable for the sums claimed by the Trustee.
At the pretrial the parties agreed to submit the issue without the need for an evidentiary hearing and pursuant to the following stipulated facts.
"1. Puerto Rico Hotel Corporation d/b/a The Palace Hotel was a corporation dedicated to and involved in the hotel industry.
2. Pavillion Sports Promotion and Entertainment, Inc. (Pavillion), is a corporation organized under the Laws of the Commonwealth of Puerto Rico dedicated to the promotion and celebration of boxing activities. Said corporation was registered at the Department of State on February 29, 1984.
3. The resident agent of the corporation is Ismael Leandry; the principal office of the corporation is located at Cobián's Plaza, Suite 312, Stop 23, Santurce, Puerto Rico 00909. The three incorporators as shown on the certificate of incorporation were: Ismael Leandry, Ramón Luis Llorens Santini and Wilma Colón.
4. Pavillion and plaintiff executed and negotiated a contract for the celebration of a boxing fight on the premises of the hotel. The terms and conditions of the agreement were regulated as per letter of November 20, 1984 in which Pavillion has the right to use 20 rooms of the hotel and a saloon designated by the hotel for two press conferences free of charge. Also, the hotel agreed to provide food service through the use of a special vouchers system distributed by Pavillion.
5. Pavillion would pay for the food, telephone calls and services provided by the hotel and 15% of the gratuities for such service.
6. Codefendant Ramón Luis Lloréns Santini, Ismael Leandry and Wilfredo Gómez were the only persons authorized to use the telephone service on behalf of the corporation and to charge and sign tickets to the account of Pavillion.
*24 7. Plaintiff provided service to defendants in accordance with the agreement in the total amount of $8,661.29. Codefendant Ramón Luis Lloréns Santini signed tickets totalling the amount of $1,783.93 for incidental charges such as bar tickets, room service and telephone charges.
8. That defendants failed to pay the amount due. Debtor and plaintiff have requested payment of the amount owed.
9. Codefendant Ramón Luis Lloréns Santini executed certain documents as a director and secretary of the corporation unrelated to the stay at the Palace Hotel.
10. Codefendant Ramón Luis Lloréns Santini negotiated and executed, as representative of the corporation, all the terms and conditions for the agreement celebrated with plaintiff for the boxing fight.
11. The corporation never filed a financial report at the State Department as required by law. No minutes of the meetings of shareholders, directors or officers were kept.
12. Judgment by Default was entered against Ismael Leandry and Pavillion for the amount of $8,661.29 plus interest in the amount of $4,070.87 from December 1984 to the present and $120.00 for costs for a total of $12,852.16."[2]
One of the principal objectives of incorporation is to achieve limited liability and this will be recognized where corporate formalities are observed, initial financing is reasonably adequate, the corporation is not formed to evade an existing obligation or statute, or to cheat, defraud or to perpetuate an injustice.[3] Incorporation for the purpose of achieving limited liability is recognized in this jurisdiction.[4]
However, when the corporation is a mere alter ego or business conduit of a person, it may be disregarded.[5] This piercing of the corporate veil is used to impose substantive liability, whether the liability is grounded in tort or contract, upon an individual for the corporation's purported liabilities. This action is to be exercised cautiously and reluctantly.[6] To establish the alter ego doctrine it must be shown that the individual made the corporation a mere instrumentality for the transaction of his own affairs; that there is such a unity of ownership that separate personalities of the corporation and the owners no longer exist; and that adherence to the doctrine of corporate entity would promote injustice or protect fraud.[7] When these elements are proven, the court disregards the corporate entity and holds the individual responsible for his acts knowingly and intentionally done in the name of the corporation.[8]
The standard of proof for the application of the alter ego principles is high. Indeed, the Supreme Court of Puerto Rico has stated that, "`strong and robust evidence' be produced . . ." by a movant who wishes to prevail. Escudé Cruz v. Ortho Pharmaceutical Corp., 619 F.2d 902, 905 (1st Cir., 1980); San Miguel Fertil. Corp. v. P.R. Drydock, 94 P.R.R. 403, 409 (1967); González v. San Just Corp., 10 Official Translations of Supreme Court of P.R. 240 (1973).
The Trustee in this case has standing to invoke the doctrine of alter ego against *25 codefendant Mr. Lloréns Santini.[9] However, the stipulated facts do not show that Mr. Lloréns used Pavillion as his business conduit to evade the application of a statute, perpetrate a fraud or injustice. Likewise, the proffered facts fail to show Pavillion was not adequately capitalized or that its Agreement with the Hotel Palace in this case was an ultra vires act of Mr. Lloréns. While corporations have the obligation to file their annual financial statements and keep certain books and records as per 14 Laws of P.R.Ann. Section 2301; Section 2302 of the same Title provides for penalties to be assessed for non compliance. These penalties do not include piercing of the corporate veil as suggested by Plaintiffs.
In a nutshell, the stipulated facts fail to set forth the type of robust and strong evidence required for this Court to dispense with the corporate entity and hold Mr. Lloréns Santini liable for Pavillion's debts with the Hotel Palace claimed by the Trustee.
Wherefore, the Complaint is dismissed with prejudice. Costs are levied against the Estate.
The Clerk will enter judgment accordingly and give the notice.
NOTES
[1] Apparently the corporation, "Pavilion (sic) Sports Promotion and Entertainment, Inc." has not been summoned and the default judgment entered by the Clerk does not include this entity. See docket entry number 19.
[2] See footnote no. 1.
[3] H. Henn, LAW of CORPORATIONS, Sec. 146 (2d ed., 1970); 1 Fletcher Cyclopedia of the Law of Private Corporations, Section 41.30 (1983); "El Levantamiento del Velo Corporativo en el Derecho Puertorriqueño", XII Interamerican University 411 (1977); Heirs of Pérez v. Gual, 76 P.R.R. 899, 901-903 (1954); South P.R. Sugar Corp. v. Junta Azucarera, 88 P.R.R. 55-57 (1963); R. Colón Mach. & Mfg. Co. vs. Sec. of the Treas., 78 P.R.R. 868, 872-876 (1956); Ab Intestato Balzac Vélez, 9 Official Translations of Supreme Court of P.R. 895, 908 (1980); Fleming v. Toa Alta Develop. Corp., 96 P.R.R. 234, 237 (1968); Cruz v. Ramírez, 75 P.R.R. 889, 895-899 (1954).
[4] See 14 Laws of P.R.Ann., Sections 1101 et seq.
[5] 1 Fletcher Cyclopedia of the Law of Private Corporations, Section 41.10 (1983) and cases cited in footnote 3 supra.
[6] Id.
[7] Id.; see also J.E. Candal & Co. v. Rivera, 86 P.R.R. 481 (1962); In Re Vermont Toy Works, Inc., 82 B.R. 258 (Bkrtcy.Vt., 1987).
[8] Id.
[9] Cf. In re Vermont Toy Works, at 291, 292.