Fremont-Smith, J.
On January 9, 1995, the plaintiff, Bradley S. Giles (“Giles”) filed this action against the defendants, Richard Gill (“Gill”), Northeastern University (“Northeastern”), and Alpha Epsilon Pi, Inc.(“AEPi”). On August 16, 1995, AEPi filed a motion to dismiss on the grounds that an unincorporated association, such as AEPi, is not subject to suit under Massachusetts law. On October 17, 1995, the motion to dismiss was continued for ninety days by the Court (Fremont-Smith, J.) in order to permit the plaintiff time to conduct discovery pertaining to jurisdiction. On or about January 22, 1996, the plaintiff moved to amend the complaint by substituting defendants Haber, Jaffy and Margulis for defendant AEPi. On or about March 26, 1996, the Court (Barrett, J.), declined to allow the amendment on the ground that the three named defendants alone could not fairly and adequately represent AEPi, but granted plaintiff leave to file a further amendment naming all twenty-two members of Alpha Epsilon Pi.
With the exception of Haber, Jaffy and Margulis, who are also sued in their individual capacities, the newly-named individual defendants are sued only in their capacities as representatives of AEPi, and are not alleged to have played a personal role in the attack or injuries suffered by plaintiff on February 18, 1992. As nineteen of the twen1y-two individual defendants reside in states other than Massachusetts, defendants have moved to dismiss the action as against them in their capacities as representatives of AEPi, on the ground that the Massachusetts Court lacks personal jurisdiction. See M.G.L.c. 233A, §3. After hearing and the Court’s consideration of the submissions of the parties, the Court DENIES the defendants’ motion without prejudice to renewal of the motion at the close of all discovery.
BACKGROÜND
On February 18, 1992, the plaintiff, Bradley S. Giles, was viciously assaulted outside a Northeastern University fraternity party and left with permanent brain damage. The defendant, Richard Gill, was tried, convicted and sentenced to serve five years in the Suffolk County House of Correction for his role in the attack. In a later deposition, Gill denied any responsibility for Giles’ injuries. Due to Giles injuries, Giles has no memory of the events of February 18, 1992, and now seeks damages for the injuries he suffered that night.
DISCUSSION
The facts of each controversy determine whether personal jurisdiction can be maintained over foreign defendants. Good Hope Indus., Inc. v. Ryder Scott Co., 378 Mass. 1, 2-3 (1979). When the defendant is a nonresident, the court must determine (1) whether jurisdiction is authorized under the state’s long arm statute, M.G.L.c. 233A, §3(a)-(g); and (2) whether the exercise of such jurisdiction comports with the due process requirements of the United States Constitution. Id. at 5-6; Tatro v. Manor Care, Inc., 416 Mass. 763, 767 (1994); Johnson Creative Arts, Inc. v. Wool Masters, Inc., 573 F.Supp. 1106, 1109 (D. Mass. 1983).
When faced with a motion to dismiss under Mass.R.Civ.P. 12(b)(2), the plaintiff bears “the burden of establishing the facts upon which the question of personal jurisdiction over the defendant is to be determined.” Nicholas Assoc., Inc. v. Starr, 4 Mass.App.Ct. 91, 93 (1976); Droukas v. Divers Training Academy, Inc., 375 Mass. 149, 151 (1978).
To determine whether the representative defendants’ motion to Dismiss should be granted for lack of personal jurisdiction, the facts presented direct the court to look first to M.G.L.c. 233A, §3(a) and (b):
A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person’s ... (a) transacting any business in the commonwealth . . . (b) causing tortious injury by act or omission in this commonwealth . . .
*696 Jurisdiction is proper under the due process clause of the Fourteenth Amendment if the defendant had minimum contacts with the forum state, such that the lawsuit would not offend “traditional notions of fair play and substantial justice.” International Shoe v. Washington, 326 U.S. 310, 316 (1945). In addition, the court should consider whether the defendants have purposefully availed themselves of the “privilege of conducting business within the forum state, thus invoking the benefits and protection of the laws.” Hanson v. Denckla, 357 U.S. 235, 253 (1958); Good Hope Indus., Inc. v. Ryder Scott Co., 378 Mass. 1, 5-6 (1979). Thus, an essential inquiry is whether the defendants conduct and connection with Massachusetts was sufficient that they could “reasonably anticipate being haled into court [here].” American Intern Rent-A-Car Corp. v. Cross, 709 F.Supp. 272, 275 (D. Mass. 1989) (quoting World Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)).
The Court recognizes that the representative defendants are sued only in their capacities as representatives of the unincorporated association, Alpha Epsilon Pi, and are not sued personally. However, in order for a Massachusetts court to have personal jurisdiction over a nonresident individual defendant, an independent basis must exist for the assertion of such jurisdiction. Johnson Creative Arts, Inc. v. Wool Masters, Inc., 573 F.Supp. 1106, 1111 (D.Mass. 1983). Jurisdiction cannot be based merely on jurisdiction over a corporation or association, but there must have been personal involvement by the individuals in the tortious conduct at issue. Escude Cruz v. Ortho Pharmaceutical Corp., 619 F.2d 902, 906 (1st Cir. 1980). While there are no factual allegations at this time to the effect that the newly-named individual defendants were personally involved in the events of February 18, 1992, it cannot be said, prior to the close of all discovery, that plaintiff will be unable to allege a factual basis for a personal claim against any or all of the newly-named defendants. Accordingly, defendants’ motion to dismiss as to the newly-named individual defendants will be DENIED without prejudice to renewal at the close of all discovery.[2]
ORDER
For the reasons discussed above, it is hereby ORDERED that the defendants’ motion to dismiss is DENIED, without prejudice to renewal at the completion of all discovery. The discovery deadline is extended for a period of ninety days following completion of the deposition of Detective Mark Coleman, in accordance with the Court’s separate order of this date relative thereto.
Justice of the Superior Court
DATED: October 15, 1996

As is indicated in the Court’s order, infra, discovery is extended for a period of ninety days following completion of Detective Coleman’s deposition. (See the Court’s order denying the Boston Police Department’s motion for a protective order dated October 15, 1996.)