Pierre Michel JEANNETON, Plaintiff,

v.

**HILTON INTERNATIONAL;
et al., Defendants.**

**Civil No. 94–1780(SEC).**

United States District Court,
D. Puerto Rico.

June 10, 1997.

Demetrio Fernández–Quiñones, San Juan, PR, for Plaintiff.

Roberto E. Vega–Pacheco, Martinez, Odell & Calabria Law Offices, San Juan, PR, for Defendants.

## OPINION AND ORDER

CASELLAS, District Judge.

This case is before the Court on defendants' motion for partial summary judgment (**Docket # 34**), which was duly opposed (**Docket # 58**). Defendants essentially contend that "(a) the breach of contract claim warrants dismissal inasmuch as the petition for a visa extension filed before the [INS] by the parent company, Hilton International, did not constitute an employment contract between Jeanneton and [its] subsidiary, Caribe Hilton; [and] (b) any claims against the parent company, Hilton International, should be dismissed inasmuch as at all relevant times, Plaintiff's employment relationship was with co-defendant Caribe Hilton exclusively ... (**Docket # 34, at 1–2**)."

In his opposition to defendants' motion, plaintiff basically denies that his claim is limited to the assertion that defendants' visa petition constitutes an employment contract. Rather, he describes his claim as encompassing the fact that "plaintiff had an oral agreement with defendants regarding his employment at the Caribe Hilton Hotel and Casino for a fixed period of time ... (**Docket # 58, at 3**)." Furthermore, plaintiff asserts that the "evidence clearly demonstrates that Hilton International was his employer ..." *Id.* Upon careful examination of the relevant facts, the applicable law and the arguments advanced by both parties, the Court finds that defendants' motion should be **DENIED** as to the contract claim and **GRANTED** as to the Hilton International claim.

### Procedural Background

Plaintiff Pierre Michel Jeanneton, a French national and a resident of Caracas, Venezuela, was hired by Raúl Bustamante, General Manager of the Caribe Hilton Hotel, to work at the hotel as a Manager for Food and Beverages Operations. Since plaintiff was not a citizen or legal resident of Puerto Rico, Hilton International filed a petition for an "H–1 Non–Immigrant Classification" visa before the Immigration and Naturalization Service, so that he could begin to work as soon as possible. The INS issued a three year non-immigrant work visa which lasted from May of 1990 until May of 1993. Near the end of this three year period, Hilton filed a petition for the renewal of plaintiff's visa. Not long after the renewal was granted, plaintiff was terminated from his employment for alleged misconduct, including the sexual harassment of another Caribe Hilton employee.

On June 7, 1994, Jeanneton filed an action for damages for (a) the violation of his contractual rights, (b) wrongful discharge; and (c) discrimination on the basis of national origin under the Puerto Rico Act 100 (**Docket # 1, at 1**). Plaintiff essentially asserted that "defendants ... arbitrarily terminated [him from his employment as Hotel Manager for Food and Beverages Operations] without cause and consequently, violated and breached the terms and conditions of his employment contract and the principles of law and equity applicable to contracts." *Id.* at 4. In their answer to the complaint, defendants averred that plaintiff was discharged for legitimate reasons, since his behavior in the workplace "did not conform with the Caribe Hilton's personnel policy ... (**Docket # 9, at 6**)." Subsequently, in a counterclaim filed on March 21, 1995, defendants notified the Court that on November 25, 1994, the Caribe Hilton agreed to pay another Caribe Hilton employee a total of $20,000 for the settlement of her sexual harassment claims against Jeanneton. Defendants thus requested that the judgment in that case be set-off against the judgment in the instant action.

On September 19, 1995, defendants filed the instant motion for partial summary judgment. As stated previously, they essentially request that plaintiff's breach of contract claim be dismissed because neither the filing of a petition for an employment visa nor the Permanent Residence Agreement signed by the parties can, in and of itself, constitute a contract, or even promissory estoppel. In the alternative, defendants argue that even if there existed a three-year contract between the parties for the period of 1990 to 1993, such a contract had expired by the time that defendants terminated him. Additionally, defendants assert that even though Hilton International was the company which processed the visa application on behalf of plaintiff, only the Caribe Hilton was plaintiff's

employer. Plaintiff contends that there are genuine issues of material fact involved that preclude the granting of summary judgment as to either one of these issues.

**Summary Judgment Standard**

The First Circuit has recently noted that "[s]ummary judgment has a special niche in civil litigation. Its role is 'to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required.' *Wynne v. Tufts University School of Medicine*, 976 F.2d 791, 794 (1st Cir.1992), *cert. denied*, 507 U.S. 1030, 113 S.Ct. 1845, 123 L.Ed.2d 470 (1993). The device allows courts and litigants to avoid full-blown trials in unwinnable cases, thus conserving the parties' time and money and permitting courts to husband scarce judicial resources." *McCarthy v. Northwest Airlines. Inc.*, 56 F.3d 313, 315 (1st Cir.1995).

According to Fed.R.Civ.P. 56(c), a summary judgment motion should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). See also *NASCO, Inc. v. Public Storage, Inc.*, 29 F.3d 28 (1st Cir.1994). It is not enough to conjure up an alleged factual dispute between the parties; to defeat summary judgment, there must exist a genuine issue of material fact. *Anderson v. Liberty Lobby. Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986).

For a dispute to be "genuine," there must be sufficient evidence to permit a reasonable trier of fact to resolve the issue in favor of the non-moving party. *U.S. v. One Parcel of Real Property*, 960 F.2d 200, 204 (1st Cir. 1992). See also, *Boston Athletic Assn. v. Sullivan*, 867 F.2d 22, 24 (1st Cir.1989). By like token, "material" means that the fact is one that might affect the outcome of the suit under the governing law. *Morris v. Government Dev. Bank of P.R.*, 27 F.3d 746, 748 (1st Cir.1994).

In determining whether to grant summary judgment, the Court may not, however, weigh the evidence. *Casas Office Machines, Inc. v. Mita Copystar America, Inc.*, 42 F.3d

668 (1st Cir.1994). Summary judgment "admits of no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails." *Id.* (citing *Greenburg v. Puerto Rico Maritime Shipping Authority*, 835 F.2d 932, 936 (1st Cir.1987)). Accordingly, if the facts permit more than one reasonable inference, the court on summary judgment may not adopt the inference least favorable to the non-moving party. *Casas Office Machines*, 42 F.3d at 684.

 The non-movant has a "corresponding obligation to offer the court more than steamy rhetoric and bare conclusions." *Lawton v. State Mutual Life Assurance Company of America*, 101 F.3d 218, 222 (1st Cir.1996). Furthermore, "'the non-movant must produce specific facts, in suitable evidentiary form' sufficient to limn a trialworthy issue ... Failure to do so allows the summary judgment engine to operate at full throttle." *Id.*; *see also Kelly v. United States*, 924 F.2d 355, 358 (warning that "the decision to sit idly by and allow the summary judgment proponent to configure the record is likely to prove fraught with consequence.").

**Applicable Law/Analysis**

*A. The Contractual Claim*

Defendants assert that (a) the securement of a three-year visa on behalf of plaintiff does not constitute an employment contract between the parties; (b) assuming, *arguendo*, that it did, the contract had expired by the time plaintiff was dismissed; and (c) the permanent residence agreement signed by the parties does not constitute an employment contract. Plaintiff denies all three allegations.

In support of his claim that there are genuine issues of material fact as to the foregoing issues, plaintiff asserts that Mr. Bustamante, general manager at the Caribe Hilton, admitted in a deposition that there was an oral contract between the parties which ended at the time of plaintiff's dismissal (**Docket # 58, Exhibit C**). Plaintiff also makes reference to his own deposition testi-

mony, in which he states that defendants extended him a verbal, three year contract (**Docket # 34, Exhibit 4**).

Defendants contend that plaintiff has presented no credible evidence to establish the existence of a contract because he has relied essentially upon his own allegations to support his claim. As to Mr. Bustamante's testimony, defendants argue that they "clearly do not establish the existence of the fixed term contract that plaintiff alleges [does exist] (**Docket # 65, at 6**)." Finally, defendants assert that even though plaintiff insists that he is not contending that the petition for a visa extension constitutes an employment contract, he is mainly offering this petition as proof of the existence of a contract. Defendants argue that such facts, taken as a whole, warrant the conclusion that there are no genuine issues of material fact involved and that summary judgment should be granted.

■ Although the Court believes that the crux of this controversy is not the nature of the employment relationship between the parties, but rather whether plaintiff's dismissal was justified, since defendants do not address this issue we will refrain from issuing an opinion on whether—regardless of whether he was employed at will or pursuant to a fixed-term contract—plaintiff was wrongfully dismissed from his employment.[1] Nevertheless, contrary to what defendants assert, the evidence which both parties have brought forth leads us to conclude that there are genuine issues of material fact as to the exact nature of the employment relationship that existed between the parties at the time of plaintiff's dismissal. Such issues preclude the granting of summary judgment at this point. Given the forgoing, defendants' request that the breach of contract claim be dismissed is hereby **DENIED**.

## B. The Hilton International Claim

Defendants allege that the complaint against Hilton International should be dismissed because plaintiff was an employee of the Caribe Hilton hotel, and not of its parent company, Hilton International. In support of their contention, defendants assert that plaintiff admitted in his own deposition testimony that he was an employee of the Caribe Hilton hotel.

Plaintiff counters this argument with a letter in which the legal counsel for Hilton International informed the Caribe Hilton executive secretary that they had successfully procured the extension of plaintiff's H–1 Non–Immigrant Classification visa, and that plaintiff would therefore be "authorized to remain in the United States as an employee of Hilton International until May 10, 1996" (**Docket 58, Exhibit D**). Defendants argue that this is not enough to establish the existence of an employment relationship. Moreover, they assert that it was the Caribe Hilton who paid for plaintiff's moving expenses and salary, and that plaintiff only negotiated the terms of his employment with the Caribe Hilton's general manager.

■ It is a well-established principle of federal law that ordinarily, "[t]here is a presumption of corporate separateness that must be overcome by clear evidence that the parent in fact controls the activities of the subsidiary." *Escudé Cruz v. Ortho Pharmaceutical Corp.*, 619 F.2d 902 (1st Cir.1980). Since this is a diversity action, however, we must turn to Puerto Rico law to determine how to address this issue.

■ The Supreme Court of Puerto Rico has adopted the "single entity" or "common control" doctrine in cases dealing with the Puerto Rico Act 100 and the Puerto Rico Labor Relations Act. Under this doctrine, a parent corporation and its subsidiary will only be regarded as one for purposes of finding the former liable if it is determined that (a) their operations are significantly interrelated; (b) there is common management; (c) there is joint control over labor relations; and (d) there is joint proprietorship or financial control. *See, e.g., Odriozola v. S. Cosmetic Dist. Corp.*, 116 D.P.R. 485, 496 (1985); *J.R.T. v. Asoc. C. Playa Azul I*, 117 D.P.R. 20, 28 (1986). *See also Alvarado Morales v. Digital Equipment Corp.*, 669

---

1. The Court nevertheless invites the parties to bring forth arguments as to this issue in a similar fashion.

F.Supp. 1173 (D.Puerto Rico 1987). Although in *Odriozola,* the Puerto Rico Supreme Court established that it would not decide whether this same principle should be extended to general corporations law, and the Supreme Court has yet to rule upon this issue, we find no reason to decline to adopt this standard so as to include the instant contracts claim. As the First Circuit has stated, applying Massachusetts law, "[s]everal courts and commentators have suggested that it should be more difficult to pierce the veil in a contract case than in a tort case." *Birbara v. Locke,* 99 F.3d 1233 (1st Cir.1996). In reaching this conclusion we assume that, if a particular corporation were not to withstand the forgoing "single entity" standard in a torts case, chances are it would be even less likely to withstand it in a contracts action. Such is the case with plaintiffs Hilton International claim.

■ As defendants argue, in the instant action there is no genuine issue as to the fact that plaintiff negotiated the terms of his employment at the Caribe Hilton with the Caribe Hilton's general manager himself; and that he got paid directly by the Caribe Hilton (**Docket # 34, Exhibit 6**). There is no evidence of the existence of common management or common ownership; nor of a centralized control over labor relations. The only evidence of possibly interrelated operations is the fact that the Caribe Hilton secured plaintiff's visa through Hilton International attorneys. We believe that this action, in and of itself, does not demonstrate the existence of a common control over the operations of the Caribe Hilton on the part of Hilton International. Based on the foregoing, we conclude that there is no genuine issue of material fact as to the fact that Caribe Hilton was plaintiff's sole employer. Defendants' request that the action against Hilton International be dismissed is thus, hereby **GRANTED.** Partial judgment shall be entered accordingly (**Docket # 34**).

**SO ORDERED.**