Jose Miguel **CARBALLO RODRIGUEZ,** et al.,
Plaintiffs

v.

**CLARK EQUIPMENT COMPANY,**
et al., **Defendants**

Civil No. 99–1446(JP).

United States District Court,
D. Puerto Rico.

June 3, 2001.

Vicente Santori–Coll, Jorge M. Torres–Gómez, Hato Rey, PR, for Plaintiff.

Ramón L. Viñas–Bueso, Rivera Tulla & Ferrer, Hato Rey, PR, for Defendants.

## *OPINION AND ORDER*

PIERAS, Senior District Judge.

### I. INTRODUCTION AND BACKGROUND

Before the Court is Co-defendant Ingersoll–Rand Company's ("Ingersoll–Rand") Motion for Summary Judgment (docket No. 132), and Plaintiffs' Opposition thereto (docket No. 153); Ingersoll–Rand's Reply (docket No. 155); and Plaintiffs' Sur–Reply (docket No. 161). Plaintiffs in the action are José Miguel Carballo Rodríguez ("Carballo–Rodríguez"), his legal conjugal partnership, Héctor Manuel López Irizarry ("López–Irizarry"), his legal conjugal partnership and his minor children Héctor Manuel López Cruz, Sacha Ivelisse López Cruz, José Luis López Cotto, María Mercedes López Meléndez, Héctor Iván López Cotto, José Daniel López Cottó, and Carlos Manuel López Meléndez.

Plaintiffs bring this action against Defendants Clark Equipment Company, Inc. ("Clark"), Ingersoll–Rand Company ("Ingersoll–Rand"), Dial Corporation, and Volvo Construction Equipment North

America, Inc. for damages arising from an accident on a construction site whereby a four-ton load dropped from a Lima Model 700–TC crane (serial No. 3689–5) ("the Crane") onto Carballo–Rodríguez and then onto López–Irizarry, causing extensive injuries. In the Complaint, Plaintiffs allege that the hoist brake latch mechanism on the crane was defectively designed and/or manufactured, and that Defendants failed to warn the Crane owners of the mechanism's "false positive latching" potential. Plaintiffs claim that Clark manufactured and marketed the Crane, and that Baldwin Lima Hamilton designed the hoist brake latch mechanism. Plaintiffs further allege that Ingersoll–Rand is the successor in interest to Clark, and that it has assumed Clark's obligations for the faulty manufacture of the Crane.

Co-defendant Ingersoll–Rand moves for summary judgment, contending that the evidence fails to create a trial-worthy issue as to whether the presumption of corporate separateness has been overcome by clear evidence that Ingersoll–Rand, the parent corporation of Clark, assumed the liabilities of its wholly-owned subsidiary for the defective manufacture of the Crane. Earlier in the litigation, the Court addressed this identical issue after Ingersoll–Rand moved to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. At that time, the Court found the Complaint had adequately pleaded a theory of successor liability against Ingersoll–Rand, thereby precluding dismissal. Now the Court is called upon to assay the parties' proof to determine whether Plaintiffs' allegations are sustained by the evidence pursuant to the following standard.

## II. SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides for the entry of summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Pagano v. Frank,* 983 F.2d 343, 347 (1st Cir.1993); *Lipsett v. University of Puerto Rico,* 864 F.2d 881, 894 (1st Cir.1988). The function of summary judgment is "to pierce the boilerplate of the pleadings and examine the parties' proof to determine whether a trial is actually necessary." *Vega–Rodríguez v. Puerto Rico Tel. Co.,* 110 F.3d 174, 178 (1st Cir.1997) (citing *Wynne v. Tufts Univ. Sch. of Med.,* 976 F.2d 791, 794 (1st Cir.1992)). It allows courts and litigants to avoid going to trial in cases where the plaintiff cannot prevail, thus conserving the parties' time and money and saving scarce judicial resources. *See McCarthy v. Northwest Airlines, Inc.,* 56 F.3d 313, 315 (1st Cir.1995).

The party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). To defeat a motion for summary judgment, "the nonmoving party must demonstrate the existence of a trial-worthy issue as to some material fact." *Cortés Irizarry v. Corporación Insular De Seguros,* 111 F.3d 184, 187 (1st Cir.1997); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Pagano,* 983 F.2d at 347. A fact is material if, based on the substantive law at issue, it might affect the outcome of the case. *See Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510; *Mack v. Great Atl. & Pac. Tea Co., Inc.,* 871 F.2d 179, 181 (1st Cir.1989). A material issue is

trial-worthy if there is sufficient evidence to permit a reasonable trier of fact to resolve the issue in the nonmoving party's favor. *See Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510; *Boston Athletic Ass'n v. Sullivan,* 867 F.2d 22, 24 (1st Cir.1989). The non-movant may not rest upon mere allegations or denials of the pleadings, but rather must come forward with admissible evidence. *See* Fed.R.Civ.P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) ("[The non-movant] must do more than simply show that there is some metaphysical doubt as to the material facts.") It is with this standard in mind that the Court addresses the motion before it.

### III. STATEMENT OF UNCONTESTED FACTS

1. Ingersoll–Rand is a publicly traded corporation, incorporated under the laws of the State of Delaware, with its principal place of business in the State of New Jersey.

2. Clark Equipment Company ("Clark") is incorporated under the laws of the State of Delaware, with its principal place of business in the State of New Jersey.

3. Clark was a publicly held corporation traded on the New York Stock Exchange.

4. In or around 1995, Ingersoll–Rand initiated a hostile takeover of Clark and acquired all of Clark's stock from the individual shareholders.

5. At present, Clark is a wholly owned subsidiary of Ingersoll–Rand.

6. Clark is a legally existing corporation under the laws of the State of Delaware and has never filed for bankruptcy.

### IV. DISCUSSION

■ As the United States Supreme Court has recently affirmed, "[i]t is a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries." *See United States v. Bestfoods,* 524 U.S. 51, 61, 118 S.Ct. 1876, 1884, 141 L.Ed.2d 43 (1998) (quoting Douglas & Shanks, Insulation from Liability Through Subsidiary Corporations, 39 Yale L.J. 193 (1929)). Several exceptions to this general rule exist, whereby a party may pierce the corporate veil and hold the parent company liable for the subsidiary's conduct. *See id.* at 61, 118 S.Ct. at 1885. In the Complaint, Plaintiffs allege that Ingersoll–Rand is the successor in interest to Clark and assumed Clark's obligations for any claims arising from the faulty manufacture of the Crane, thereby bringing it within one of the exceptions to this general rule. *See* Compl. ¶ 3.9; *Carreiro v. Rhodes Gill & Co., Ltd.,* 68 F.3d 1443, 1447 (1st Cir.1995); *National Gypsum Co. v. Continental Brands Corp.,* 895 F.Supp. 328, 334 (D.Mass.1995) (liability may be imposed on the corporation purchasing the assets of another company where the purchaser impliedly or explicitly agrees to assume the liability of the seller corporation, so-called "successor liability").

■ Where a party seeks to hold a parent company liable for the actions of a subsidiary, that party carries the burden of overcoming the presumption of separateness by clear evidence. *See Escude Cruz v. Ortho Pharmaceutical Corp.,* 619 F.2d 902, 905 (1st Cir.1980); *Satellite Broadcasting Cable, Inc. v. Telefónica de España,* 786 F.Supp. 1089, 1100 (D.Puerto Rico 1992). Although Plaintiffs successfully rested on their allegations in opposing Ingersoll–Rand's motion to dismiss earlier in this litigation, at the summary judgment stage Plaintiffs must come forward with admissible evidence demonstrating that a genuine issue of material fact exists precluding judgment in favor of the moving

party. *See* Fed.R.Civ.P. 56(e). Plaintiffs, however, have come forward with absolutely no evidence to sustain their allegations that Ingersoll–Rand agreed to assume the liability of the seller corporation or any other grounds to pierce the corporate veil. Plaintiffs seem to misunderstand their burden on summary judgment, as their opposition merely points out that Ingersoll–Rand has failed to conclusively establish that it did not agree to assume Clark's liability for the faulty manufacture of the Crane.

As the U.S. Supreme Court observed in *Celotex*, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552; *see also Pérez v. Volvo Car Corp.*, 247 F.3d 303 (1st Cir.2001). Plaintiffs bear the burden of establishing at trial that Ingersoll–Rand assumed Clark's liabilities for the manufacture of the Crane, and therefore they cannot rest solely on their allegations; they must make an affirmative showing to defeat summary judgment. Absent evidence that Ingersoll–Rand assumed Clark's liabilities for the manufacture of the Crane, sufficient to reveal a trial-worthy issue as to a material fact, the entry of summary judgment against Plaintiffs is mandated.

## V. CONCLUSION

In view of the foregoing, Ingersoll–Rand's motion for summary judgment is hereby **GRANTED.**

**IT IS SO ORDERED.**