TORRUELLA, Circuit Judge.
 

 The issue presented by this case is whether we will expand the reach of our recent decision in
 
 Howse v. Zimmer Manufacturing Co., Inc.,
 
 757 F.2d 448 (1st Cir.1985), a case involving the service of process requirements of Mass.Gen.Laws Ann. ch. 223 § 38
 
 [1]
 
 \ for the purpose of permitting the acquisition of
 
 in personam
 
 jurisdiction over a foreign corporation which lacks any direct contacts with this jurisdiction. Because we believe that
 
 Howse
 
 deli-niates the outer limits of what is permitted by the due process clause,
 
 [2]
 
 we reject the invitation proferred by appellants and affirm the district court’s decision to the effect that
 
 in personam
 
 jurisdiction is lacking over defendant/appellee Honda Motor Co., Ltd. (Honda). Since jurisdictional controversies are so fact-dependent, we commence with a summary of the relevant particulars.
 

 Plaintiffs/appellants Marion and Donald Miller (Miller) are residents of Massachusetts. In February, 1980, the Millers, while vacationing in Bermuda, rented a Honda PC 50 moped from Smatt’s Cycle Livery, Ltd. (Smatt), a Bermudian enterprise. Mrs. Miller had an accident while using the vehicle, sustaining serious injuries which resulted in a quadriplegic condition. She will, in all probability,- be confined to a bed or wheelchair the rest of her life, totally dependent on others for all aspects of her care, even for breathing, for which she requires the use of a respirator.
 

 The vehicle in question was manufactured for Honda, a Japanese company, by
 
 *771
 
 another company located in Taiwan, Koyo Kogyo Co., Ltd. (Koyo). Honda had the moped shipped to Bermuda via Asia and South America. There it was sold to Honda Livery, Ltd. (Honda Bermuda), a Bermuda corporation. Honda Bermuda then sold it to Smatt’s who, as indicated, was the owner of the moped when the accident occurred.
 

 The Millers brought a products liability suit against Honda in the United States District Court for the District of Massachusetts. The suit was dismissed, the court ruling that the facts were insufficient to justify an assertion of personal jurisdiction over Honda.
 

 The record is uncontroverted that Honda-manufactured vehicles, and other products are sold in Massachusetts by authorized dealers who purchase them from a California corporation, American Honda Motor Co., Inc. (American Honda). American Honda is a wholly-owned subsidiary of Honda. Honda, however, conducts no direct business activities in Massachusetts and has no offices, bank accounts nor employees located therein. Nor has it entered into any franchise or distributorship agreements in Massachusetts or with any business entity located in that state. There is not even any allegation that Honda’s employees have ever visited Massachusetts.
 

 The record is uncontradicted that Honda’s direct involvement with goods destined for the North American market ends dockside in Japan with the sale of these goods to Honda American, which is the company that sells to the Massachusetts dealers. American Honda is also the company that has contacts with Massachusetts normally associated with the granting of
 
 in person-am
 
 jurisdiction over a foreign corporation. It is not, however, a party defendant in this suit. We surmise that the reason for this is that American Honda has no Bermuda connection, and more importantly, because American Honda cannot be charged with the manufacturing defects, having had no apparent intervention with that end of the business. The Millers rely on
 
 Howse v. Zimmer Manufacturing Co., Inc., supra,
 
 in their attempt to acquire Massachusetts jurisdiction over Honda. Unfortunately, as indicated, that case is not applicable.
 

 Howse,
 
 although extremely liberal in allowing the assumption of jurisdiction, is clearly distinguishable from the present situation. Howse, a Massachusetts resident, suffered a broken hip while in Spain. He underwent surgery in a United States naval hospital in that country during which a “nail and plate” implant, allegedly manufactured by Zimmer, was inserted into his hip. Upon his return to the United States, Howse sued Zimmer in Massachusetts, alleging that the fracture improperly healed due to defects in the implant. Zim-mer, a Delaware corporation with its principal place of business in Indiana, had none of the contacts which are traditionally thought to establish personal jurisdiction under § 38. As in the present case, Zim-mer was neither registered in, nor did it have a traditional type of agent in the Massachusetts. It manufactured no products there nor did it have an office, bank accounts, nor employees located there. It had not entered into franchises or distributorship agreements in Massachusetts. Its products were sold in Massachusetts exclusively by a representative, Docherty Associates, Inc., which did business under the name Zimmer Docherty Associates. The district court found that there was no personal jurisdiction over Zimmer. We reversed.
 

 Two important distinguishing features appear in
 
 Howse
 
 that are absent in the present situation, however. First, Zimmer engaged in a systematic pattern of activities in Massachusetts closely approximating the regular conduct of domestic enterprises:
 

 [T]o us most significantly,
 
 Zimmer is “always” sending representatives to Massachusetts to confer with surgeons concerning the development of new products and specific need products. We think this pattern of extensive instate activities removes Zimmer from the category of defendant encountered in
 
 Caso ...
 
 While the case is close, the fact that
 
 *772
 
 Zimmer representatives are constantly in and out of Massachusetts in order to deal directly with customers, coupled with the sizeable sales volume and other factors removes this from the “mere solicitation” and “solicitation plus” category ...
 

 Howse, supra
 
 at 452-453, (emphasis supplied) (footnote omitted).
 

 Second, we noted, that payments for the products sold in Massachusetts was always made directly to Zimmer in Indiana, even when the Massachusetts dealer, Zimmer Docherty Associates, filled the order from his in-state inventory.
 

 Both of these factors are missing from the present situation. This is not to say, of course, that the mere absence of these conditions, if other traditionally relevant indicia are present, would by themselves defeat jurisdiction. As previously indicated, these controversies are highly fact-specific and all evidence must be carefully weighed and evaluated before concluding whether or not there is jurisdiction. What is clear from the record is that permitting the acquisition of
 
 in personam
 
 jurisdiction over Honda in this case would offend all notions of fair play and due process.
 
 See World-Wide Volkswagen Corp. v. Woodson,
 
 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980);
 
 International Shoe Co. v. Washington,
 
 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). In the present case Zimmer’s equivalent is American Honda, not Honda. Honda is one step further removed than Zimmer, a gap which, at least under the circumstances before us, can not be bridged.
 

 Appellants make one additional claim as an alternate ground for finding jurisdiction. They urge that we apply the doctrine of corporate disregard and find that American Honda is in fact an agent of its Japanese parent. The Supreme Judicial Court of Massachusetts has stated that the fiction of corporate separateness should be disregarded only:
 

 a) when there is active and direct participation by the representatives of one corporation, apparently exercising some form of pervasive control in the activities of another, and there is
 
 some fraudulent or injurious consequence of the inter-corporate relationship,
 
 or (b) when there is a confused intermingling of activity of two or more corporations engaged in a common enterprise with
 
 substantial disregard of the separate nature of the corporate entities,
 
 or
 
 serious ambiguity
 
 about the manner and capacity in which various corporations and their respective representatives are acting.
 

 My Bread Baking Co. v. Cumberland Farms Inc.,
 
 353 Mass. 614, 619, 233 N.E.2d 748, 752 (1968). (Emphasis ours).
 
 See also Westcott Constructions Corp. v. Cumberland Const. Co., Inc.,
 
 3 Mass.App. 294, 297-98, 328 N.E.2d 522, 525 (1975);
 
 Willis v. American Permac, Inc.,
 
 541 P.Supp. 118, 122 (D.Mass.1982).
 

 The district court found that the affairs of Honda and American Honda were not so intertwined as to demonstrate that the two corporations are, in reality, a single entity subject to the application of the doctrine in question. The evidence in the record supports this conclusion.
 

 Although there is common membership on the board of directors by two officers, the day to day operational decisions of each company are made by separate groups of corporate officers. Of the twenty-four officers and directors at Honda, only one is from American Honda, its president, and his involvement is limited to attending board meetings in Japan. Of fourteen directors and officers of American Honda, the chairman of the board is also the executive vice-president of Honda, but he has no involvement in running the operations of American Honda and receives reports when he visits American Honda in California for meetings. At those meetings, only the affairs of American Honda are discussed. Honda reimburses American Honda for warranty repairs. It also charged American Honda interest for delayed payments. American Honda controls its own advertising and marketing schemes, and the types of goods it feels are appropriate for the American market. Last, but not least, American Honda maintains a completely separate system for personnel manage
 
 *773
 
 ment, financial planning, and real estate planning.
 

 Appellants’ argument primarily rests on equity. Mrs. Miller’s severe physical limitations preclude her traveling to Bermuda to litigate this action there; it would present no significant burden for Honda to litigate in Massachusetts. Such an argument, although emotive, cannot deter us from being fair to
 
 all
 
 parties. It would be contrary to long established legal doctrine to apply the corporate disregard doctrine to the relationship between Honda and American Honda. Even where there is a common control of a group of separate corporations engaged in a single enterprise, failure to meet the criteria established in
 
 My Bread Baking Co., supra,
 
 will defeat any attempt to pierce the corporate veil.
 
 See NCR Credit Corporation ¶. Underground Camera, Inc.,
 
 581 F.Supp. 609, 612 (D.Mass.1984). After all, there is nothing fraudulent or against public policy in limiting one’s liability by the appropriate use of- corporate insulation. While sympathetic to the appellants’ tragedy, we cannot find any legal basis for assumption of
 
 in personam
 
 jurisdiction over Honda. For these reasons the decision of the district court is
 

 Affirmed.
 

 [1]
 

 . § 38. Service on Foreign Corporations.
 

 In an action against a foreign corporation, except an insurance company, which has a usual place of business in the commonwealth, or, with or without such usual place of business, is engaged in or soliciting business in the commonwealth, permanently or temporarily, service may be made in accordance with the provisions of the preceding section relative to service on provisions of the preceding section relative to service on domestic corporations in general, instead of upon the state secretary under section fifteen of chapter one hundred and eighty-one^
 

 [2]
 

 .
 
 See World-Wide Volkswagen Corp. v. Woodson,
 
 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980);
 
 International Shoe Co. v. Washington,
 
 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945);
 
 Caso v. Lafayette Radio Electronics Corp.,
 
 370 F.2d 707 (1st Cir.1966).