Jeffrey T. SPEAR, as Administrator of the Estates of Amy Elizabeth Spear and Alison Elaine Spear, deceased, Plaintiff

v.

SOMERS SANITATION SERVICE, INC., and Brian R. Rogers, Jr., Defendants.

Civ. A. No. 94–30265–MAP.

United States District Court, D. Massachusetts.

May 18, 1995.

Charles K. Bergin, Jr., John C. Sikorski, and Paul S. Weinberg, Robinson, Donovan, Madden & Barry, Springfield, MA, for plaintiff.

Philip J. Callan, Jr., Doherty, Wallace, Pillsbury & Murphy, Springfield, MA, and Donald W. Goodrich and Donovan & O'Connor, Adams, MA, for defendants.

*MEMORANDUM AND ORDER WITH REGARD TO PLAINTIFF'S MOTION TO AMEND COMPLAINT (Docket No. 29)*

NEIMAN, United States Magistrate Judge.

## I. INTRODUCTION

Plaintiff Jeffrey T. Spear is a resident of Wilbraham, Massachusetts and the administrator of the estates of his daughters, Amy Elizabeth Spear and Alison Elaine Spear. He commenced this action on July 13, 1994, for various claims arising out of a motor vehicle accident on June 27, 1994. On that day, Amy Elizabeth Spear was operating a vehicle, in which her sister Alison Elaine Spear was a passenger, on a public way in East Longmeadow, Massachusetts. Defendant Brian R. Rogers, Jr., during the course of his employment, was operating a motor vehicle owned by Defendant Somers Sanitation Service, Inc. ("Somers Sanitation"). Defendant Rogers collided with the Spear vehicle causing it to burst into flames. Both Amy Spear and Alison Spear were killed in the accident. Each Defendant denies Plaintiff's claims.

Somers Sanitation is a Connecticut corporation with its principal place of business in East Windsor, Connecticut. It is a closely held corporation, the only stockholders of which are Gaetano Antonacci and his two sons Gerald Antonacci and Frank Antonacci. Plaintiff has now moved to amend his complaint to add claims against Gerald Antonacci and Frank Antonacci. Plaintiff also moves to amend his complaint against Defendant Somers Sanitation to separate the claims of liability under the theory of respondeat superior from the claims of direct negligence by Somers Sanitation.

## II. RULE 15(a)

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a complaint "shall be freely given when justice so requires." The United States Supreme Court has stated that the liberal amendment policy of Rule 15(a) is a mandate to be heeded. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), *on*

*remand*, 316 F.2d 254 (1st Cir.1963). The Supreme Court described that policy as follows:

> [i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Id.*, 371 U.S. at 182, 83 S.Ct. at 230. Applying that policy to the instant case, the Court allows Plaintiff's motion to amend.

### III. *DISCUSSION*

There are no procedural barriers to allowing Plaintiff to amend the complaint. The accident occurred less than one year ago and the factual bases for adding the individually named Antonaccis to the complaint became apparent during preliminary discovery. Thus, there is no undue delay, bad faith, or dilatory motive apparent on the part of the Plaintiff. Compare *Stepanischen v. Merchants Despatch Transportations Corp.*, 722 F.2d 922, 933 (1st Cir.1983) (court acted within its discretion when denying motion to amend filed after seventeen months of discovery, after discovery deadline had been set, and days before pre-trial statements were due). Nor does Plaintiff's amended complaint add new theories of liability against the existing Defendants. If anything, the amended complaint helps clarify the specific claims which are being made against both the named Defendants, as well as the defendants Plaintiff seeks to add.

The essence of the revised claims in the amended complaint is that Defendant Somers Sanitation, as the corporate defendant, and Defendants Gerald Antonacci and Frank Antonacci, as individuals defendants, were negligent in hiring, retaining, supervising, and assigning routes to their employee and codefendant Brian Rogers. Based on these allegations, Plaintiff asserts that an action in tort exists for such negligent acts. See *Foster v. The Loft, Inc.*, 26 Mass.App.Ct. 289, 526 N.E.2d 1309 (1988). Using language applicable to the present case, the Massachusetts Appeals Court observed that the doctrine of negligent hiring "states that an employer whose employees are brought in contact with members of the public in the course of the employer's business has a duty to exercise reasonable care in the selection and retention of his employees ... [and] must use due care to avoid the selection or retention of an employee whom he knows or should know as a person unworthy, by habits, temperament, or nature ..." *Id.* at 289–290, 526 N.E.2d 1309. The Appeals Court also described negligent retention, which "occurs when, during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further action such as investigating, discharge, or reassignment." *Id.* at 291, 526 N.E.2d 1309, citing *Garcia v. Duffy*, 492 So.2d 435, 438–9 (Fl.Dist.Ct. of App. 1986).

While *Foster* addresses the type of tort which Plaintiff alleges here, it does not itself support Plaintiff's ability to make the claim personally against employees and/or principals of the corporate Defendant. For that proposition, Plaintiff relies on *LaClair v. Silberline Manufacturing Co., Inc.*, 379 Mass. 21, 28–29, 393 N.E.2d 867 (1979) and *Mullins v. Pine Manor College*, 389 Mass. 47, 449 N.E.2d 331 (1983). Plaintiff asserts that both Gerald and Frank Antonacci, as owners and officers of the company, were consistently on site, often on a daily basis, in order to check into the operations of the business. Their failure to properly train supervisory employees, or to ensure that proper procedures were in place for hiring and training, Plaintiff asserts, should make Gerald and

Frank Antonacci individually liable. In this regard, *LaClair* held that a corporate officer could be held personally liable for the consequences of his failure to abide by specific "legislatively-prescribed conduct", namely, the specific requirement that individual corporate officers provide workers compensation coverage for corporate employees. *LaClair, supra,* 379 Mass. at 28, 393 N.E.2d 867. Plaintiff asserts that the type of legislatively-prescribed conduct present here exists in the statutes and regulations controlling interstate commerce. See Federal Motor Carrier Safety Regulations at 49 C.F.R. § 390 et seq.

It is not necessary that the Court address the applicability of those regulations at this time, because liability of corporate principals may exist even without such legislatively-grounded duties of care. See *Mullins v. Pine Manor College, supra,* (vice-president of operations of defendant college was properly joined as a defendant where it is alleged that he designed and supervised the installation of a security system and had overall responsibility for establishing patrol patterns). See also *Commonwealth v. Colonial Motor Sales, Inc.,* 11 Mass.App.Ct. 800, 812–813 and n. 12, 420 N.E.2d 20 (1981) (a corporate officer "cannot evade responsibility by insulating himself with a layer of ignorance"); and *Marks v. Polaroid Corp.,* 237 F.2d 428, 435 (1st Cir.1956), *cert. denied,* 352 U.S. 1005, 77 S.Ct. 564, 1 L.Ed.2d 550 (1957) (corporate officer who supervised and directed day-to-day operations could properly be charged as having directly contributed to violations alleged against corporate defendants).

Further, the First Circuit has made clear that there exist circumstances when an individual corporate officer may be held liable to third parties for tortious conduct the officer commits on behalf of a corporate employer:

The general rule, and the rule in this circuit, is that an officer of a corporation "is liable for torts in which he personally participated, whether or not he was acting within the scope of his authority." *Lahr v. Adell Chemical Co.,* 300 F.2d 256, 260 (1st Cir.1962). What is required is some showing of direct personal involvement by the corporate officer in some decision or action which is causally related to plaintiff's injury.

*Escude Cruz v. Ortho Pharmaceutical Corp.,* 619 F.2d 902, 907 (1st Cir.1980).[1] The First Circuit then commented:

Cases which have found personal liability on the part of corporate officers have typically involved instances of direct personal participation, as where the defendant was the "guiding spirit" behind the wrongful conduct, *Marks v. Polaroid Corp.,* 237 F.2d 428, 435 (1st Cir.1956), or the "central figure" in the challenged corporate activity, *Donsco, Inc. v. Casper Corp.,* 587 F.2d 602, 605–06 (3d Cir.1978).

*Escude Cruz,* 619 F.2d at 907. In accord with *Escude Cruz,* Plaintiff in the present action seeks to hold certain persons individually liable without reference to their corporate personae. Compare: *Addis v. Steele,* 38 Mass.App.Ct. 433, 440, 648 N.E.2d 773 (1995) (without evidence that individual defendants participated in acts causing injury, the mere fact that the individual defendants are corporate officers is not enough to render them liable).

Plaintiff's amended complaint, therefore, is not attempting to pierce the corporate veil, as Defendants assert. See *Miller v. Honda Motor Co.,* 779 F.2d 769 (1st Cir.1985); *Evans v. Multicon Construction Corp.,* 30 Mass.App.Ct. 728, 574 N.E.2d 395 (1991); *My Bread Baking Co., v. Cumberland*

---

1. The court quoted the rule as described by the Tenth Circuit:

It is the general rule that if an officer or agent of a corporation directs or participates actively in the commission of a tortious act or an act from which a tort necessarily follows or may reasonably be expected to follow, he is personally liable to a third person for injuries proximately resulting therefrom. But merely being an officer or agent of a corporation does not render one personally liable for a tortious act

of the corporation. Specific direction or sanction of, or active participation or cooperation in, a positively wrongful act of commission or omission which operates to the injury or prejudice of the complaining party is necessary to generate individual liability in damages of an officer or agent of a corporation for the tort of the corporation.

*Escude Cruz,* 619 F.2d at 907, citing *Lobato v. Pay Less Drug Stores,* 261 F.2d 406, 408–09 (10th Cir.1958).

**4**

*Farms, Inc.,* 353 Mass. 614, 620, 233 N.E.2d 748 (1968); and *Pepsi–Cola Metropolitan Bottling Co. v. Checkers, Inc.,* 754 F.2d 10 (1st Cir.1985). In fact, the Court in *Escude Cruz,* when confronting the issues of individual corporate officer liability, separately addressed the question of piercing the corporate veil. *Escude Cruz,* 619 F.2d at 905.

In sum, the underlying facts and circumstances relied upon by the Plaintiff appear to be a "proper subject of relief," *Foman,* 371 U.S. at 182, 83 S.Ct. at 230. Plaintiff "ought to be afforded an opportunity to test his claim on the merits," *Id.,* in order to establish duties of care and prove negligence. At this stage of the proceedings, therefore, there is no indication that the amendment would "be futile" or "serve no legitimate purpose." See *Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 59 (1st Cir.1990). Thus, there is no sufficient justification to deny Plaintiff the opportunity to amend his complaint. Defendants can subsequently address their remaining claims, that the amended complaint fails to state a claim against the Antonaccis and that the Court has no personal jurisdiction over the Antonaccis, at the appropriate time.

### IV. *CONCLUSION*

For all of the reasons stated, the Court ALLOWS Plaintiff's Motion to Amend.

It is so ordered.