E & E INVESTMENT, INC., Plaintiffs,

v.

SIMMONS COMPANY, Defendants.

Civil No. 96–1552 (JP).

United States District Court,
D. Puerto Rico.

Nov. 7, 1996.

Marcos A. Ramírez Lavandero, San Juan, PR, Peter John Porrata, Hato Rey, PR, for Plaintiffs.

Arturo Díaz Angueira, Cancio, Nadal, Rivera & Díaz, San Juan, PR, for Defendant.

### *OPINION AND ORDER*

PIERAS, District Judge.

### I.  INTRODUCTION

Before the Court are defendant's motion to dismiss **(docket No. 3)**, plaintiff's opposition **(docket No. 23)** and defendant's reply thereto **(docket No. 29)**.  Defendant's motion to dismiss includes documents not attached to the complaint, including the lease and purchase option agreement underlying this contract dispute.  As plaintiff refers to this con-

tract in the complaint and does not dispute the authenticity of the copy submitted by defendant, we treat the contract as part of the pleadings. *See Watterson v. Page,* 987 F.2d 1, 3–4 (1st Cir.1993) (although not attached to complaint, courts may treat as part of pleadings documents the authenticity of which is not disputed by the parties; official public records; documents central to plaintiffs' claim; or documents sufficiently referred to in the complaint).

Plaintiff E & E Investment, Inc. ("E & E") brought this case against Simmons Company ("Simmons"), alleging breach of a lease agreement and purchase option dated April 25, 1994 ("the Contract"). Subject matter jurisdiction rests on the allegedly diverse citizenship of the parties. The complaint avers that E & E and Simmons Company entered into the Contract in San Juan, Puerto Rico. Complaint, ¶ 4. E & E alleges that Simmons agreed to amend the Contract so as to assume additional costs not originally contemplated and hence not included in the financing obtained by E & E for the project. Complaint, ¶ 5. E & E claims that it was unable to secure financing for the project as a result of Simmons' failure to amend the Contract as promised, and therefore its own failure to comply with the Contract is excused. Complaint, ¶ 7. Plaintiff E & E accuses Simmons of breaching the Contract by terminating the lease and purchase option or, in the alternative, that Simmons' conduct constituted an unjustifiable and arbitrary breach of negotiations. Complaint, ¶ 8. E & E claims that defendant Simmons' conduct violates Article 1802 and/or 1054 of Puerto Rico's Civil Code.

Defendant Simmons moved pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (6) and (7) to dismiss for failure to state a cause of action; for failure to join a party under Rule 19 which, if joined, would destroy jurisdiction; and for lack of personal jurisdiction. Besides its memorandum of law, defendant Simmons submitted the affidavit of Jonathan C. Daiker, Executive Vice President

and Chief Financial Officer of Simmons,[1] and the Contract. The gravamen of Simmons' motion to dismiss is that plaintiff did not contract with Simmons but rather with Simmons Caribbean Bedding, Inc. ("SCBI"), Simmons' wholly-owned subsidiary, and therefore E & E fails to state a claim against Simmons. Joinder of SCBI would destroy diversity jurisdiction since SCBI is a citizen of Puerto Rico.

In its opposition to the motion to dismiss, plaintiff asserts that Simmons was named as defendant because it is the alter ego of its subsidiary SCBI. Plaintiff then presents arguments regarding this Court's personal jurisdiction over Simmons and the indispensability of SCBI that *presume* that defendant is the alter ego of SCBI. The problem with plaintiff's arguments is that they do not reflect the allegations in the complaint. The complaint does not allege that Simmons is liable for breach of an agreement between SCBI and E & E under an alter ego theory of liability; SCBI is not even mentioned in the complaint. Rather, it alleges that the Contract *was between E & E and Simmons.* Although plaintiff argues that the Federal Rules of Civil Procedure permit the amendment of allegations made in the complaint at any time during the course of the litigation, it has not attempted to amend the complaint in the instant case.[2] Therefore, the Court must weigh defendant's arguments to dismiss in light of the complaint in its current form.

## II. APPLICABLE LAW AND ANALYSIS

### A. FAILURE TO STATE A CLAIM AGAINST SIMMONS

■ To support its Rule 12(b)(6) challenge, Simmons argues that it is not a party to the Contract and therefore E & E has failed to state a claim against it for breach thereof. On a motion to dismiss under Rule 12(b)(6), a court must accept as true the well-pleaded factual averments contained in the complaint, while at the same time drawing all

---

1. As the affidavit does not form part of the pleadings, it has not been considered in deciding the motion to dismiss.

2. Plaintiff could have amended its complaint as of right at any time before October 21, 1996, when defendant answered the complaint. *See* Fed.R.Civ.P. 15(a). Plaintiff's opposition to the motion to dismiss was filed on October 7, 1996.

reasonable inferences therefrom in favor of the plaintiff. *See McDonald v. Santa Fe Trail Transp. Co.,* 427 U.S. 273, 276, 96 S.Ct. 2574, 2576–77, 49 L.Ed.2d 493 (1976); *Correa–Martínez v. Arrillaga-Beléndez,* 903 F.2d 49, 51 (1st Cir.1990). "We exempt, of course, those 'facts' which have since been conclusively contradicted by plaintiffs' concessions or otherwise, and likewise eschew any reliance on bald assertions, unsupportable conclusions, and opprobrious epithets." *Chongris v. Brd. of Appeals of Town of Andover,* 811 F.2d 36, 37 (1st Cir.1987), *cert. denied,* 483 U.S. 1021, 107 S.Ct. 3266, 97 L.Ed.2d 765 (1987).

As noted above, we treat the Contract as part of the pleadings since it is central to plaintiff's case, plaintiff referred to it in the complaint and does not dispute the authenticity of the copy filed in conjunction with defendant's motion to dismiss. The top of the first page of the Contract, which contains an index, states:

*LEASE
AND OPTION*

LANDLORD: ENE INVESTMENT, INC.[3]

TENANT: SIMMONS CARIBBEAN BEDDING, INC.

The preamble to the Contract states:

> THIS LEASE AND OPTION ("Lease") is entered into as of the 25th day of April, 1994, by and among ENE INVESTMENT, INC., a corporation organized under the laws of the Commonwealth of Puerto Rico (hereinafter called "ENE"); EDWIN PADUA, CARMEN G. CORREA AND MIGUEL CORREA, shareholders of ENE (hereinafter called the "Shareholders"); and VILUMA DEVELOPMENT COMPANY, a corporation organized under the laws of the Commonwealth of Puerto Rico (hereinafter called the "Developer") (ENE and Developer collectively referred to herein as "Landlord); and SIMMONS

CARIBBEAN BEDDING, INC., a corporation organized under the laws of the Commonwealth of Puerto Rico (hereinafter called the "Tenant").

The Contract conclusively contradicts plaintiff's assertion that E & E and Simmons entered into the Contract on April 25, 1994, in San Juan, Puerto Rico. Simmons cannot be guilty of breaching a contract to which it was not a party, absent additional allegations indicating, for example, that it subsequently assumed obligations under the Contract. Given that Simmons was not a party to the Contract, the complaint fails to articulate any legal theory that would allow plaintiff to collect damages from Simmons. Accordingly, the complaint fails to state a claim against Simmons upon which relief may be granted.

## B. SCBI AS AN INDISPENSABLE PARTY

Defendant has also moved under Federal Rule of Civil Procedure 19 for dismissal on the ground that SCBI is an indispensable party. The Court must first determine whether SCBI is a person to be joined if feasible (*i.e.,* a necessary party). If so, joinder would not be feasible as it would destroy diversity jurisdiction. The Court must then decide whether SCBI is an indispensable party in whose absence this action should not proceed. Rule 19(a) states that a person shall be joined as a party if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. Fed.R.Civ.P. 19.

The factors to be considered in determining whether a necessary party is indispensable include:

---

**3.** The relationship between plaintiff E & E Investment, Inc. and ENE Investment, Inc. is unclear.

first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. Fed.R.Civ.P. 19(b). Rule 19(b) is designed to protect four interests:

The first is the plaintiff's interest in having a forum. The second is the defendant's interest in avoiding multiple litigation, inconsistent relief, or sole responsibility for a liability he shares with another. The third interest belongs to the party that should, but cannot, be joined. That party wishes to prevent the proceedings before the court from impairing its rights. The fourth interest is that of the courts and the public in "complete, consistent, and efficient settlement of controversies."

*Travelers Indem. Co. v. Dingwell,* 884 F.2d 629 (1st Cir.1989) (quoting *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 111, 88 S.Ct. 733, 739, 19 L.Ed.2d 936 (1968)).

The indispensability of a subsidiary was at issue in *López v. Shearson American Express, Inc.,* 684 F.Supp. 1144 (D.P.R.1988). López sued Shearson American Express, Inc. of Delaware, alleging that Shearson of Delaware and Shearson of Puerto Rico engaged in several fraudulent transactions and then acted in concert to conceal them from the authorities and López. Shearson of Delaware was liable for the conduct of Shearson of Puerto Rico because the latter was a fully guaranteed subsidiary of Shearson of Delaware under the provisions of Rule 322 of the New York Stock Exchange. The Court found that the subsidiary was the primary participant in the events underlying the complaint and stated: "The law appears very clear that where the subsidiary is the primary participant in a dispute involving both the parent and the subsidiary, the subsidiary is an indispensable party." *Id.* at 1147 (citing *Freeman v. Northwest Acceptance Corp.,*

754 F.2d 553 (5th Cir.1985)). Accordingly, the court granted the motion to dismiss for failure to join an indispensable party.

Subsequently, the First Circuit decided *Pujol v. Shearson/American Express, Inc.,* 877 F.2d 132 (1st Cir.1989). *Pujol* involved a claim brought against Shearson of Delaware by Bonelli, the wife of Pujol, president of Shearson of Puerto Rico. The complaint alleged that Shearson of Delaware dismissed Pujol in retaliation for his efforts to blow the whistle on the underlying misconduct at issue in *López.* Bonelli asserted claims against Shearson of Delaware for invasion of privacy, conversion and wrongful attachment of property, malicious prosecution, and negligent infliction of emotional distress. The district court dismissed the complaint for failure to join an indispensable party, *i.e.,* Shearson of Puerto Rico.

The First Circuit reversed, finding that Shearson of Puerto Rico was not a necessary party, much less indispensable. Applying Rule 19(a), the First Circuit found that the subsidiary did not have an interest relating to the subject of Bonelli's action nor was it so situated that disposition of the action in its absence might as a practical matter impair or impede its ability to protect that interest. *Pujol,* 877 F.2d at 135. The court stated:

For one thing, the Subsidiary's interests in this case are virtually identical to those of Shearson. Shearson, to win the case, will want to show that no one behaved improperly at its Subsidiary, that Pujol's charges were without foundation, and that its own actions in response to Pujol's baseless accusations were therefore reasonable. This is precisely what the Subsidiary would wish to show. Moreover, since Shearson owns all the stock in the Subsidiary, and (as the parties apparently concede) the Subsidiary is a mere "corporate shell" existing separately from Shearson only on paper, any financial harm to the Subsidiary likely means harm to Shearson as well. It is true that the Subsidiary's "corporate alter ego" status does not, by itself, mean that the Subsidiary automatically falls outside Rule 19(a). But, in the circumstances of this case, it is one indication that Shearson's counsel's motives and ability to de-

fend Shearson do not differ significantly, as a practical matter, from Shearson's counsel's motives and ability to defend the Subsidiary's interests as well.

*Id.* (citation omitted). With respect to the district court's determination that the subsidiary had an interest in the litigation because Bonelli intended to introduce evidence of its misconduct, the First Circuit concluded:

> The mere fact, however, that Party A, in a suit against Party B, intends to introduce evidence that will indicate that a non-party C, behaved improperly does not, by itself, make C a necessary party. Given the vast range of potential insults and allegations of impropriety that may be directed at non-parties in civil litigation, a contrary view would greatly expand the universe of Rule 19(a) necessary parties. It is therefore not surprising that cases interpreting Rule 19 consistently hold that such "slandered outsiders" need not be joined.

*Id.* at 136. The Court of Appeals cited numerous cases tending to show that harm to reputation is not an interest relating to the subject of the action for purposes of Rule 19. *Id.* The Court of Appeals noted, however, that Rule 19 treats joint tortfeasors differently than persons jointly liable under a contract, where the general rule is that all those with a substantial interest in the contract must be joined. *Id.* at 137 (citing *Acton Co., Inc. of Mass. v. Bachman Foods, Inc.*, 668 F.2d 76 (1st Cir.1982)).

The matter of a subsidiary's indispensability arose again in *Gay v. AVCO Financial Services, Inc.*, 769 F.Supp. 51 (D.P.R.1991). Alleging diversity jurisdiction, Gay sought damages for dismissal in violation of Puerto Rico's anti-discrimination statute. Seeking damages only, Gay sued the corporate parent of the Puerto Rico subsidiary that actually fired him. The district court distinguished *López* from *Pujol:*

> The ultimate factual issues to be proven in [*López*] were, at least partially, the wrongdoing of the subsidiary. In *Pujol*, the plaintiff had a very different tact. In *Pujol*, the ultimate issue of wrongdoing concerned only the retaliation by the parent office. The facts to be proven regarding wrongdoing and illegality at the sub-

sidiary ... were to be brought out only as evidence supporting the theory that the parent's acts against Pujol were pure retaliation. In other words, in *Pujol*, the ultimate wrong to be proven (retaliation) was a wrong alleged against only the parent. The fact that in proving that ultimate issue the plaintiff would produce evidence of wrongdoings of a third party (the subsidiary) was not enough, for the Circuit, to necessitate that third party's presence in the case.

*Gay*, 769 F.Supp. at 56. The *Gay* court concluded that *Pujol* could not stand for the proposition that the interests of a wholly-owned subsidiary are by definition aligned with the parent "since such a rule would effectively eliminate all subsidiary corporations from diversity calculus, a result that the *Pujol* court itself did not accept." *Gay*, 769 F.Supp. at 56. The district court concluded that because the AVCO subsidiary was an active participant in the conduct alleged as the basis for recovery, it was indispensable and the case could not proceed in its absence. *Id.; accord Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 559 (5th Cir.1985) (case law uniformly supports proposition that joinder of subsidiary is required when plaintiff seeks to impose liability on parent not for its own acts, but for those of subsidiary).

■ With this jurisprudence and the factors of Rule 19 in mind, we proceed with the first part of the two-step analysis—whether SCBI is a necessary party. SCBI is a party to the Contract, which according to the complaint was not fulfilled. The issue is whether that failure was because SCBI breached its contractual obligations. Plaintiff E & E claims that its own "failure to comply with the agreement is excused." Complaint, ¶ 7. SCBI may dispute this contention, and, indeed, Simmons has indicated that SCBI has a compulsory counterclaim against E & E that Simmons believes it lacks standing to assert. Amended Motion to Extend Time at 2. Clearly, SCBI has an interest relating to the Contract. It is a signatory to the Contract and may have a counterclaim against E & E. SCBI is not only an "active participant in the activity alleged as the basis for recovery," *Gay*, 769 F.Supp. at 56, it is apparently

the only participant. A finding for plaintiff on the merits requires a finding that SCBI breached its contractual obligations, a matter in which it surely has a legal interest. We concur with the reasoning of *Gay* that "the subsidiary is not a necessary party where the facts to be proved 'against' the subsidiary are not the ultimate facts needed to make the plaintiff's case." 769 F.Supp. at 56. Where, however, the sole issue and the only basis for liability is the subsidiary's breach of a contract that it alone entered into with the plaintiff, the subsidiary is a necessary party.

■ Since SCBI cannot be made a party without destroying diversity jurisdiction, we continue to the second stage of Rule 19's analysis: whether in equity and good conscience this action should proceed between Simmons and E & E or should be dismissed because of SCBI's absence. In *H.D. Corp. of Puerto Rico v. Ford Motor Co.*, 791 F.2d 987, 993 (1st Cir.1986), the First Circuit held that the case could not proceed solely against Ford Caribbean, a wholly-owned subsidiary of Ford Motor Company, since plaintiffs' claims were largely directed against Ford Motor Company, and the latter was also a signatory to the contract underlying the dispute. Although the case at bar involves the failure to join a subsidiary—rather than a parent company—that is a signatory to a contract, the reasoning of *H.D. Corp. of Puerto Rico* is still applicable: a corporation is indispensable if the plaintiff's claims are largely directed against it, and the corporation is a signatory to the contract underlying the action. As signatory to the Contract, SCBI is indispensable and this Court cannot in good conscience allow this case to proceed without it. *See Travelers Indem. Co. v. Household Int'l, Inc.*, 775 F.Supp. 518, 527 (D.Conn.1991) ("precedent supports the proposition that a contracting party is the paradigm of an indispensable party," collecting cases).

## C. IN PERSONAM JURISDICTION OVER SIMMONS

If a defendant challenges a plaintiff's assertion of personal jurisdiction, the plaintiff bears the burden of proving the existence of personal jurisdiction. *See Foster–Miller, Inc. v. Babcock & Wilcox Canada*, 46 F.3d 138, 145 (1st Cir.1995). Plaintiff has the burden to demonstrate that this Court has jurisdiction over defendant under both the forum's long-arm statute and the Due Process Clause of the United States Constitution. *U.S.S. Yachts, Inc. v. Ocean Yachts, Inc.* 894 F.2d 9, 11 (1st Cir.1990).

■ Since plaintiff alleges that this Court's subject matter jurisdiction rests on the diverse citizenship of the parties, analysis of the personal jurisdiction question must begin with Puerto Rico's long-arm statute. *American Express Int'l, Inc. v. Méndez–Capellán*, 889 F.2d 1175, 1178 (1st Cir.1989). Rule 4.7 of the Puerto Rico Rules of Civil Procedure, the Commonwealth's long arm statute, reads in pertinent part:

a) Wherever the person to be served is not domiciled in Puerto Rico, the General Court of Justice shall take jurisdiction over said person if the action or claim arises because said person:

1) Transacted business in Puerto Rico personally or through an agent; or

2) Participated in tortious acts within Puerto Rico personally or through his agent.

P.R. Laws Ann.App. III Rule 4.7(a)(1), (2) (1983). A court has in personam jurisdiction over non-resident defendants pursuant to this provision if: 1) an act was done or consummated within the forum by the non-resident defendant; 2) the cause of action arises out of defendant's action within the forum; and 3) the activity linking the defendant with the forum is substantial enough to meet the due process requirements of "fair play and substantial justice." *Escudé Cruz v. Ortho Pharmaceutical Corp.*, 619 F.2d 902, 904–05 (1st Cir.1980) (citing *A.H. Thomas Co. v. Superior Court*, 98 P.R.R. 864 (1970)).

Even if jurisdiction is proper under the forum's long-arm statute, exercise of jurisdiction must comport with due process of law. *Sawtelle v. Farrell*, 70 F.3d 1381, 1387 (1st Cir.1995). The Due Process Clause dictates that a non-resident defendant have at least minimum contacts with the forum jurisdiction, so that the defendant can reasonably anticipate being haled into that forum's

court. *Int'l Shoe Co. v. Wash.* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *McGee v. Int'l Life Insur. Co.* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); *Hanson v. Denckla* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). If such minimum contacts with the forum state exist, the court's exercise of personal jurisdiction over defendant must still comport with "fair play and substantial justice." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1984).

 The plaintiff in *Escudé Cruz,* 619 F.2d 902, sued the parent of the wholly-owned subsidiary that employed him in Puerto Rico. The First Circuit affirmed the district court's dismissal of the case for lack of in personam jurisdiction over the defendant. It noted that under Puerto Rico law, piercing of the corporate veil requires "strong and robust evidence" that the parent controls the subsidiary so as to render the latter a mere shell for the former. 619 F.2d at 905 (citing *San Miguel Fertilizer Corp. v. P.R. Drydock & Marine Terminals,* 94 P.R.R. 403, 409 (1967)). As stated by the Court of Appeals: "In order to find that jurisdiction over the subsidiary results in jurisdiction over the nonresident parent, plaintiff must show that the parent exercised the type of control "necessary to ascribe to it the activities of the subsidiary." *Escudé Cruz,* 619 F.2d at 905 (citing *Prod. Promotions, Inc. v. Cousteau,* 495 F.2d 483, 493 (5th Cir.1974)). The Circuit Court found that the plaintiff had "done no more than make conclusory allegations about the relationship between [parent] and [subsidiary]." *Escudé Cruz,* 619 F.2d at 905.

In the case at bar, plaintiff has not even made conclusory allegations regarding the relationship between Simmons and SCBI, much less produced the strong and robust evidence needed to overcome the presumption of corporate separateness. *See id.* Accordingly, the Court finds that plaintiff has failed to carry its burden of proving that this Court has personal jurisdiction over Simmons.

### III. CONCLUSION

Plaintiff's complaint fails to articulate a legal theory that would allow it to prevail against Simmons based on a contract signed with its subsidiary, which is an indispensable party to this action. Moreover, plaintiff has failed to carry its burden of showing that this Court has in personam jurisdiction over Simmons. Accordingly, defendant's motion to dismiss is hereby **GRANTED.** Judgment shall be entered accordingly.

IT IS SO ORDERED.