George W. NICHOLAS,
Plaintiff, Appellant,

v.

William BUCHANAN,
Defendant, Appellee.

No. 86–1417.

United States Court of Appeals,
First Circuit.

Submitted Oct. 10, 1986.

Decided Dec. 2, 1986.

306

George W. Nicholas, on brief pro se.

Before COFFIN, BOWNES, and BREY-ER, Circuit Judges.

PER CURIAM.

Plaintiff George W. Nicholas appeals from a judgment of the district court dismissing his complaint against defendant William Buchanan for lack of personal jurisdiction. We affirm.

In 1985, Nicholas, a citizen of Rhode Island, filed a complaint in federal district court for the district of Rhode Island against Buchanan, who Nicholas identified as the president of a Texas drilling company. Nicholas invoked the court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). In the complaint, Nicholas alleged that he had permission to arrange for the sale of drilling rigs that were in the possession of a Dallas, Texas bank. Nicholas further alleged that he contacted Buchanan at Buchanan's offices in Texas, and that he provided Buchanan with information concerning the rigs. Nicholas alleged that pursuant to an oral agreement, Buchanan agreed to provide Nicholas with a commission and/or finder's fee in the event the rigs were sold. Nicholas stated that his attorney forwarded contracts to Buchanan in Texas, but that Buchanan never returned or acknowledged those contracts. Nicholas alleged that the rigs subsequently were sold at a foreclosure sale in Texas, and that prior to the sale the purchaser of the rigs had been in contact with Buchanan. Nicholas claimed that Buchanan used the information Nicholas had provided to him to arrange for the sale of the rigs and had unlawfully deprived Nicholas of his commission and/or finder's fee.

Buchanan filed a motion to dismiss or, alternatively, a motion to quash the summons, stating that he was a citizen of Texas, that his principal place of business was in a state other than Rhode Island, that all alleged contacts between him and Nicholas occurred in Texas, and that the court therefore lacked in personam jurisdiction over him. Nicholas opposed the motion, stating that the alleged contacts between him and Buchanan took place "inter-state via telephone communications from Rhode Island to Texas and Texas to Rhode Island, and via U.S. mail between the said two points." A magistrate subsequently recommended that the motion to dismiss be granted; the district court accepted the Magistrate's Report and Recommendation and dismissed the complaint.

The Rhode Island long-arm statute, R.I. Gen.Laws § 9–5–33 (1985 reenactment)[1] al-

1. R.I.Gen.Laws § 9–5–33 (1985 reenactment) provides in relevant part: Jurisdiction over foreign corporations and over nonresident individuals, partnerships, or associations.—(a) Every foreign corporation, every individual not a resident of this state or his executor or administrator, and every partnership or association, composed of any person or persons, not such residents, that shall have the necessary minimum contacts with the state of Rhode Island, shall be

lows the exercise of jurisdiction over nonresident individuals up to the constitutional limit. *See Almeida v. Radovsky,* 506 A.2d 1373, 1374 (R.I.1986). In determining whether the assertion of personal jurisdiction in a given case comports with due process requirements, "the constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum State." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 473, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985), quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). A defendant will be amenable to *in personam* jurisdiction if he has purposefully availed himself of the privileges and protections of a state's laws, and if his conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there. *See World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980); *see also Escude Cruz v. Ortho Pharmaceutical Corp.,* 619 F.2d 902, 904 (1st Cir.1980).

We agree with the magistrate, whose Report and Recommendation were accepted by the district court, that Nicholas did not satisfy his burden of proving facts necessary to sustain personal jurisdiction in this case. *See Escude Cruz,* 619 F.2d at 904 (plaintiff, whose complaint was dismissed for lack of personal jurisdiction, had burden of proving facts necessary to support jurisdiction). Nicholas stated in his complaint that it was he who first approached Buchanan, a Texas citizen, at Buchanan's Texas office about the rigs. The sale of the rigs, which prompted Nicholas' suit, occurred in Texas where the rigs were located. Even assuming, *arguendo,* that Nicholas and Buchanan entered into some type of oral agreement concerning the sale of the rigs, and that the agreement could be construed as a contract, an individual's contract with an out-of-state party cannot alone establish sufficient minimum con-

tacts in the individual's home forum. *See Burger King,* 471 U.S. at 477, 105 S.Ct. at 2185. Nor do we believe that Nicholas' generalized reference to inter-state contacts "via telephone communications" and "via U.S. mail", without more, is sufficient to satisfy due process requirements. *Cf. Ealing Corp. v. Harrods, Ltd.,* 790 F.2d 978, 983–84 (1st Cir.1986) (due process requirements satisfied where defendant sent a telex to the forum state that involved an alleged fraudulent misrepresentation, there were numerous communications by telex, telephone and overnight letters back and forth between parties, defendant sent letters to plaintiff in the forum state, plaintiff had to receive approval from defendant for minutiae of the operation contemplated by an agreement between the parties, bank account in defendant's name was opened in the forum state, and defendant's agent visited the forum state); *Bond Leather Co., Inc. v. Q.T. Shoe Mfg. Co., Inc.,* 764 F.2d 928, 932–35 (1st Cir.1985) (defendant corporation had insufficient contacts with forum state to satisfy due process even though it had mailed four letters to forum state, had received at least one telephone call from the forum plaintiff, and had guaranteed the forum plaintiff payment for goods sold to another corporation); *Stuart v. Spademan,* 772 F.2d 1185, 1193–94 (5th Cir. 1985) (exchange of communications between a forum resident and a nonresident in developing a contract not sufficient to be characterized as purposeful activity invoking the benefits and protections of the forum state's laws); *Hydrokinetics, Inc. v. Alaska Mechanical, Inc.,* 700 F.2d 1026, 1029 (5th Cir.1983) (same); *Mountaire Feeds, Inc. v. Agro Impex, S.A.,* 677 F.2d 651, 656 (8th Cir.1982) (use of arteries of interstate mail, telephone, etc., is insufficient, standing alone, to satisfy due process); *Scullin Steel v. National Railway Utilization Corp.,* 676 F.2d 309, 314 (8th Cir.1982) (use of interstate facilities such as telephone and mail cannot alone provide

subject to the jurisdiction of the state of Rhode Island, and the courts of this state shall hold such foreign corporations and such nonresident individuals or their executors or administrators, and such partnerships or associations amenable to suit in Rhode Island in every case not contrary to the provisions of the constitution or laws of the United States. . . .

the minimum contacts required by due process); *Lakeside Bridge & Steel v. Mountain State Construction,* 597 F.2d 596, 604 (7th Cir.1979) (requirement of minimum contacts not satisfied merely because there were interstate telephone calls and written correspondence between the parties). Nicholas has not specifically alleged or identified any other contacts between defendant and the forum state that would constitutionally permit the assertion of personal jurisdiction in this case. Accordingly, the district court's dismissal of the complaint was proper.

*Affirmed.*