Gary WATKINS, Plaintiff(s),

v.

CRESCENT ENTERPRISES, LLC, a Delaware Corp., Nova Gaming, LLC., a Delaware limited liability company, Bobby Mosley, Sr., Bobby Mosley, Jr., and J. Michael Caldwell, Defendant(s).

No. 03–CV–734–J.

United States District Court, N.D. Oklahoma.

April 19, 2004.

Stephen Q Peters, Harris Gordon McMahan Peters & Thompson PC, Tulsa, OK, for Gary Watkins, plaintiff.

Brian Stanley Gaskill, D Michael McBride, III, Sneed Lang PC, Tulsa, OK, for Crescent Enterprises, LLC, a Delaware corporation, defendant.

## ORDER [1]

JOYNER, United States Magistrate Judge.

Currently before the Court is the motion by Defendant Bobby Mosley, Sr. ("Mosley") to Dismiss the above-captioned action with respect to Mosley based on a lack of personal jurisdiction over Defendant Mosley. [Docket No. 9–1]. The Court has considered the arguments of counsel, the briefs submitted by the parties, and the applicable case law. The Court **GRANTS** the motion to dismiss Mosley based on the lack of personal jurisdiction with respect to Defendant Mosley.

This action was originally filed in Tulsa County District Court, and removed to this Court by the Defendants. Watkins, the Plaintiff, asserts various causes of action relating to the purported interference by the Defendants with Watkins' rights and claims of fraud. Mosley is a citizen and full-time resident of the State of South Carolina. Defendant Mosley asserts that he has insufficient contacts in Oklahoma to justify the imposition of a lawsuit against him in Oklahoma.

## I. ALLEGED CONTACTS IN OKLAHOMA

Plaintiff asserts, in his complaint, that Mosley "operates and manages at least one business with its principal place of business in the State of Oklahoma." *See* Complaint, filed after Removal on October 28, 2003. [Docket No. 1–1]. Plaintiff has attached an affidavit by Defendant Mosley that was filed in the *BestCheck, Inc. v. Millennium Entertainment Technology* lawsuit in South Carolina. In the affidavit, Mosley states that he is not an officer of BestCheck, but that he is familiar with the day-to-day business of BestCheck. Mosley notes that BestCheck conducts business in Oklahoma and that 96% of BestCheck's revenues come from Oklahoma Indian casinos, with 4% of BestCheck's revenues coming from Texas bingo halls.

Plaintiff asserts that BestCheck, Inc., is an Oklahoma corporation and that Defendant Mosley assists Defendant Caldwell in

---

**1.** This Order is entered pursuant to the consent of the parties. *See* 28 U.S.C. § 636.

deciding "the big picture items." Plaintiff contends that Mosley makes business decisions for BestCheck on "larger issues." Mosley does not deny that he assisted Caldwell in making "big picture item" decisions, or that he handled day-to-day operations of BestCheck. However, Mosley contends that he did not assist in decisions with regard to BestCheck after he became ill. Watkins notes that the Chief Financial Officer of several Mosley family businesses stated in his deposition that Mosley handled the day-to-day operations of Best-Check. The BestCheck Agreement was executed by Defendant Mosley.

Watkins contends that Mosley had the most interaction with Watkins on business decisions made in Oklahoma, including the negotiation of the BestCheck and the Galaxy Agreements. Watkins believes that Mosley was the individual responsible for making the final decisions for Galaxy and BestCheck. Watkins asserts that the only reason that Mosley was not listed as an officer or director of BestCheck or Galaxy was because Mosley had a felony conviction which, if he was listed as an officer or director, would have disqualified those companies from being involved with the Indian Gaming business in Oklahoma.

Watkins asserts that Defendant Mosley traveled to Oklahoma a "few times" early on when the transactions with Watkins occurred. Defendant Mosley acknowledges that he traveled to Oklahoma for one trade show in June 2001. However, Defendant Mosley contends that his travel to Oklahoma was completely unrelated to the complaint that Plaintiff currently asserts against him. Watkins does not further elaborate with regard to the details of Defendant Mosley's travel to Oklahoma.

Watkins contends that he had numerous telephone conversations with Mosley. Mosley partly disputes this contention and asserts that most of Watkins' telephone calls were made to Allen Mashburn or J. Michael Caldwell. Defendant Mosley acknowledges that he did have several telephone calls with Watkins while Watkins was presumably in Oklahoma. Defendant Mosley contends that Watkins initiated most of the calls. Defendant Mosley does agree that he discussed Galaxy Gaming, Inc., but Mosley notes that the discussion with Watkins was only to inform Watkins that Mosley would not be a shareholder in Galaxy and Mosley's son and son-in-law would be shareholders. Mosley additionally contends that beginning in 2002 when Mosley began to receive treatment for leukemia the phone calls decreased. Mosley asserts that in 2003 the phone calls were virtually non-existent.

Defendant Mosley is not and has never been an officer, director, or shareholder of Galaxy Gaming, Inc., or the Defendants Crescent and Nova. Defendant Mosley owns no real property in Oklahoma, and does not reside in Oklahoma.

## II. STANDARDS FOR EVALUATING PERSONAL JURISDICTION

The United States Supreme Court has held that individuals have a liberty interest, protected by the due process clause, in not being subject to the binding judgments of a forum with which the individual has established no meaningful contacts, ties or relations. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 471–72, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). In a diversity case, not only must the due process clause be satisfied, but the law of the forum state must also authorize the exercise of jurisdiction under the circumstances. Thus, in a diversity case the test for exercising long-arm jurisdiction over a nonresident of the forum is to determine first whether the exercise of jurisdiction is authorized by a forum statute and, if so, whether such exercise of jurisdiction would

be consistent with the constitutional requirements of due process.

In Oklahoma, this two-part inquiry collapses into a single due process analysis because the current Oklahoma long-arm statute provides that an Oklahoma court "may exercise jurisdiction on any basis consistent with the Constitution of this state and the Constitution of the United States." *See* 12 Okla. Stat. § 2004(F). *See also Rambo v. American Southern Ins. Co.,* 839 F.2d 1415, 1416–17 (10th Cir. 1988) (establishing the personal jurisdiction inquiry under Oklahoma law).

A federal court may, consistent with the due process clause of the Constitution, exercise personal jurisdiction over a nonresident defendant so long as minimum contacts between the defendant and the forum state exist. *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980) (*quoting International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). The defendant's contacts with the forum state must be such that maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Id.* at 292, 100 S.Ct. 559. The sufficiency of a defendant's contacts must be evaluated by examining the defendant's conduct and connections with the forum state to assess whether the defendant has purposefully availed itself of the privilege of conducting activities within the forum state. *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). *See generally, Rambo,* 839 F.2d at 1417 (reiterating this general test for personal jurisdiction).[2]

Jurisdiction over a corporation may be either general or specific. "Jurisdiction over a defendant arising out of or related to the defendant's contacts with the forum state is 'specific jurisdiction.'" *Rambo,* 839 F.2d at 1418. However, if a suit "does not arise from or relate to the defendant's contacts with the forum and jurisdiction is based on the defendant's presence or accumulated contacts with the forum, the court exercises 'general jurisdiction.'" *Rambo,* 839 F.2d at 1418.

The "minimum contacts" standard may be met in two ways. First, a court may, consistent with due process, assert *specific* jurisdiction over a nonresident defendant "if the defendant 'has purposefully directed' his activities at residents of the forum, and the litigations results from alleged injuries that 'arise out of or relate to' those activities." *Burger King,* 471 U.S. at 472, 105 S.Ct. 2174 (internal quotations omitted). Where a court's exercise of jurisdiction does not directly arise from a defendant's forum-related activities, the court may nonetheless maintain *general* personal jurisdiction over the defendant based on the defendant's general business contacts with the forum state. *Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408, 415, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). However, "[b]ecause general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test, requiring the plaintiff to demonstrate the defendant's 'continuous and systematic general business contacts.'" *Metropolitan Life Ins. Co. v. Robertson–Ceco Corp.,* 84 F.3d 560, 567 (2d Cir.1996).

---

2. The "minimum contacts" test protects a defendant, who has no meaningful contact with a state, from the burdens of defending a lawsuit in a forum where the substantive and procedural laws may be quite different from those with which the litigant is familiar.

Moreover, "it acts to ensure that the States, through their courts, do not reach out beyond the limits imposed on them by their status as coequal sovereigns in a federal system." *Woodson,* 444 U.S. at 291, 100 S.Ct. 559.

*OMI Holdings, Inc. v. Royal Ins. Co. of Canada,* 149 F.3d 1086 (10th Cir.1998).

If a defendant has purposefully directed its activities at residents of the forum, and the injuries alleged arise out of or relate to those activities, a court may, consistent with the due process clause, exercise "specific" jurisdiction over the defendant. In contrast, when the suit does not arise from or relate to the defendant's contacts with the forum, a court may exercise "general" jurisdiction over the defendant based on the defendant's presence in or accumulated contacts with the forum. *Rudzewicz,* 471 U.S. at 473 n. 15, 105 S.Ct. 2174; *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 fn. 8 & 9, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

## A. ANALYSIS

### 1. General Personal Jurisdiction

Because general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test, requiring the plaintiff to demonstrate the defendant's "continuous and systematic general business contacts." *Helicopteros,* 466 U.S. at 416, 104 S.Ct. 1868. *See generally OMI Holdings, Inc. v. Royal Ins. Co. of Canada,* 149 F.3d 1086, 1090–91 (10th Cir.1998); and *Rambo,* 839 F.2d at 1418. Thus, to establish general jurisdiction, the defendant must be conducting substantial and continuous local activity within the forum state. *Soma Medical International v. Standard Chartered Bank,* 196 F.3d 1292, 1295 (10th Cir. 1999).

Plaintiff, at oral argument, stated that Plaintiff did not contend that the Court had jurisdiction with respect to Defendant Mosley based upon general jurisdiction. The Court concludes that Plaintiff has not established general jurisdiction over Defendant Mosley.

### 2. Specific Personal Jurisdiction

Plaintiff has the burden to make a *prima facie* showing to establish the minimum contacts necessary for personal jurisdiction with respect to Defendant Mosley. *Rambo v. American So. Ins. Co.,* 839 F.2d 1415, 1417 (10th Cir.1988). At this stage of the litigation, the Plaintiff's burden is "light." *Intercon, Inc. v. Bell Atlantic Internet Solutions, Inc.,* 205 F.3d 1244 (10th Cir.2000). In addition, all factual disputes are resolved in favor of the plaintiff in determining whether the plaintiff has made a *prima facie* showing that established jurisdiction.

In this case, the majority of the contacts which Plaintiff attributes to Defendant relate to Defendant Mosley's activities with BestCheck and telephone conversations related to Galaxy or BestCheck. Plaintiff asserts that Mosley directed the activities of BestCheck, a corporation with a principal place of business in Oklahoma. Plaintiff asserts that Mosley negotiated the Best-Check agreement and Plaintiff's agreement with and participation in Galaxy. Plaintiff asserts that Plaintiff had telephone conversations with Defendant Mosley at least once each week with regard to decisions made for Galaxy. Plaintiff asserts that Defendant Mosley visited Oklahoma at least once, and may have visited twice.

Plaintiff suggests that telephone calls with Oklahoma, one or two visits to Oklahoma, and "running" a company that has a principal place of business in Oklahoma is sufficient. The appropriate analysis for the Court is whether the contacts alleged with the forum state equate to an effort by the Defendant to purposefully avail himself of the forum.

Certainly, telephone calls and letters may provide sufficient contacts for the exercise of personal jurisdiction. In proper circumstances, even a single let-

ter or telephone call to the forum state may meet due process standards. *See Burger King,* 471 U.S. at 475 n. 18, 105 S.Ct. 2174 ("so long as it creates a 'substantial connection' with the forum, even a single act can support jurisdiction."). However, the exercise of jurisdiction depends on the nature of those contacts. The existence of letters or telephone calls to the forum state related to the plaintiff's action will not necessarily meet due process standards. *See Nicholas v. Buchanan,* 806 F.2d 305, 307 (1st Cir.1986) (plaintiff's "generalized 'use of the mails, telephone, or other international communications simply do not qualify as purposeful activity invoking the benefits and protection of the [forum] state'") [*Peterson v. Kennedy,* 771 F.2d 1244, (9th Cir.1985)], *cert. denied,* 475 U.S. 1122, 106 S.Ct. 1642, 90 L.Ed.2d 187 (1986); *Scullin Steel Co. v. Nat'l Ry. Utilization Corp.,* 676 F.2d 309, 314 (8th Cir.1982) *("use of interstate facilities (telephone,* the mail), ... are secondary or ancillary factors and cannot alone provide the minimum contacts' required by due process"). The proper focus for analyzing these contacts is whether they represent an effort by the defendant to "purposefully avail[ ] itself of the privilege of conducting activities within the forum State." *Rambo v. American So. Ins. Co.,* 839 F.2d 1415 (10th Cir.1988).

In this case, although Plaintiff asserts numerous telephone calls between Watkins and Defendant Mosley, and one or two visits by Defendant Mosley, Plaintiff does not indicate how the activities detailed by Plaintiff are related to Plaintiff's cause of action. To establish the minimum contacts necessary, the defendant must have " 'purposefully directed' his activities at residents of the forum, and the litigation[ ] [must] result[ ] from alleged injuries that

'arise out of or relate to' those activities." *Burger King,* 471 U.S. at 472, 105 S.Ct. 2174.

The majority of the contacts asserted by Plaintiff relate to the company BestCheck which is not a Defendant in this lawsuit and which is not discussed in Plaintiff's complaint. Plaintiff additionally refers to Plaintiff's agreement with Galaxy, which Plaintiff states was negotiated by Defendant Mosley, and telephone calls between Defendant Mosley and Plaintiff. Plaintiff does not indicate how these contacts relate to his current lawsuit. Plaintiff alleges tortious interference, fraud, conspiracy, and breach of duty by Defendants Crescent, Nova, and Mosley. Plaintiff asserts that he filed this action in response to a copy of a letter that was sent and dated August 20, 2003.[3] Defendant Mosley notes that he was diagnosed with leukemia and began treatment in 2002. Mosley states that any phone calls in 2002 were intermittent, and phone calls in 2003 were nonexistent. Plaintiff does not otherwise dispute Defendant Mosley's representations. Plaintiff makes no specific representations as to conduct or actions on behalf of Defendant Mosley which give rise to Plaintiff's lawsuit.

Plaintiff also makes no specific allegations involving Defendant Mosley with respect to Crescent or Nova's contacts with Oklahoma. In his complaint, Plaintiff alleges only that Defendant Mosley misrepresented the reasons, to Plaintiff, for the formation of Crescent. Plaintiff additionally alleges, in his complaint, that he "believes that Mosley Sr. actually manages these entities [Crescent and Nova] secretly...." The basis for this allegation, according to Plaintiff, is that Defendant Mosley secretly managed BestCheck. Plaintiff's supposition and suggestions are simply insufficient to meet the due process

---

**3.** Plaintiff filed this action on August 22, 2003.

**1172**

requirements with regard to Defendant Mosley.

Plaintiff has asserted tortious interference claims against Defendant Mosley, but the Courts have noted that assertions of tortious interference claims do not lead to an automatic conclusion that sufficient minimum contacts exist to justify jurisdiction over the Defendant.

> Our review of these post-*Calder* decisions indicates that the mere allegation that an out-of-state defendant has tortiously interfered with contractual rights or has committed other business torts that have allegedly injured a forum resident does not necessarily establish that the defendant possess the constitutionally required minimum contacts. Instead, in order to resolve the jurisdictional question, a court must undertake a particularized inquiry as to the extent to which the defendant has purposefully availed itself of the benefits of the forum's laws.

*Far West Capital, Inc. v. Towne*, 46 F.3d 1071 (10th Cir.1995). Plaintiff does not allege specific actions by Defendant Mosley that justify the invocation of jurisdiction over Defendant Mosley.

The Court finds that Plaintiff has not established that the Court has specific personal jurisdiction over Defendant. Defendant Mosley's motion to dismiss is GRANTED. [Docket No. 9–1]. The claims against Defendant Mosley are hereby dismissed without prejudice.